MONTIE L, Judge.
The appellant, Sean Dawson Brooks, was indicted for the killing of Blair Benson, in violation of § 13A-6-3(a)(l), Code of Alabama 1975. William Alan Weidler was also indicted for this offense and the appellant’s and Weidler’s cases were consolidated for trial. Both the appellant and Weidler were convicted of manslaughter. The facts of this case are related in Weidler v. State, 624 So.2d 1090 (Ala.Crim.App.1993).
I
The appellant contends that the trial court erred by charging the jury on complicity because, he argues, the principles of complicity are inconsistent with the concept of reckless manslaughter. We discussed this issue in Weidler. (Montiel J., concurring in result only). For the reasons discussed in that opinion, we conclude that the trial judge did not err in charging the jury on complicity.
II
The appellant contends that the evidence was insufficient because, he says, the State failed to prove causation. The appellant argues that he could not be found guilty of manslaughter unless the evidence showed that he “caused the driver of [the] car to back over the deceased after rendering him unable to protect himself.” (Appellant’s brief, p. 5). Section 13A-2-5(a), Code of Alabama 1975, provides: “A person is criminally liable if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was sufficient to produce the result and the conduct of the actor clearly insufficient.” As Judge Bowen stated in Weidler, there was evidence that Weidler “beat the victim helpless and left him on the ground behind the wheels of an automobile while a crowd of people were assaulting that automobile in an attempt to extract its three occupants. It is only reasonable to assume that under those conditions those inside the vehicle would attempt to escape by driving away.” 624 So.2d 1093. The State presented sufficient evidence of causation. Benson’s death would not have occurred but for the actions of the appellant and Weidler in beating the appellant and leaving him unconscious behind an automobile whose occupants were being attacked by an unruly crowd. Benson would not have been in a position to have been run over by his friend’s car had it not been for the actions of Weidler and the appellant. As this court stated in Weidler, “In this case, there exists no ‘unforeseen “supervening, intervening cause sufficient to break the chain of causation” ’ ” (quoting Pearson v. State, 601 So.2d 1119 (Ala.Crim.App.1992)).
Ill
The appellant alleges that he should not have been convicted of manslaughter because, he says, his acts were directed toward one particular individual. This argument is without merit. “A person commits the crime of manslaughter if [h]e recklessly causes the death of another person.” Ala.Code 1975. § 13A-6-3(a)(l). Reckless murder does not apply where the act resulting in the victim’s death was directed toward one or more individuals rather than human life in general. McLaughlin v. State, 586 So.2d 267, 270 (Ala.Crim.App.1991). Reckless manslaughter, the offense for which 'the appellant was convicted, includes those killings where the act resulting in the victim’s death was directed to one or more particular persons.
*719 The judgment of the trial court is affirmed. ■
AFFIRMED.
All the Judges concur.